IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. 2:21-cv-00012 |
| v. | ) ) | COMPLAINT |
| AWON PHIE LLC D/B/A HOLIDAY INN EXPRESS & SUITES, | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, by the Pregnancy Discrimination Act of 1978 ("PDA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex (female, pregnancy) and to provide appropriate relief to Phychette Pegues ("Ms. Pegues"). As alleged with greater particularity below, the Equal Employment Opportunity Commission ("EEOC" or the "Commission") alleges that Awon Phie LLC d/b/a Holiday Inn Express & Suites ("Defendant") discriminated against Ms. Pegues based on sex by terminating her because she was pregnant, in violation of Title VII as amended by the PDA, 42 U.S.C.S. §§ 2000e(k) and 2000e-2(a)(1).

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Corpus Christi Division.

## PARTIES

3.  The Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and the PDA. Plaintiff EEOC is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant has continuously been a limited liability corporation doing business in the State of Texas, and the City of Corpus Christi, Texas and has continuously had at least 15 employees.

5.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6.  More than thirty days prior to the institution of this lawsuit, Phychette Pegues filed a charge with the Commission alleging violations of Title VII, as amended by the PDA, by Defendant.

7.  On August 19, 2020, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the Defendant violated Title VII and the PDA and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. On November 17, 2020, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. On or about June 18, 2019, Defendant engaged in unlawful employment practices based on sex and pregnancy at the Holiday Inn Express & Suites located in Corpus Christi, Texas, in violation of Sections 701(k) and 703(a)(1) of Title VII, 42 U.S.C. §§ 2000e(k) and 2000e-2(a)(1).

   a. Defendant owns and operates a Holiday Inn Express & Suites located in Corpus Christi, Texas.
   b. Defendant had a contract with All Temps Personnel Services ("All Temps"), a staffing agency, to provide individuals to work at the Holiday Inn Express & Suites, including Ms. Pegues.
   c. On or about May 28, 2019, Ms. Pegues began her employment with Defendant, working in housekeeping.
   d. Defendant was Ms. Pegues' employer and was responsible for Ms. Pegues' supervision, assessing the quality of her work, reviewing timekeeping records, and determining her work assignments. Defendant also required Ms. Pegues inform its operations manager if she needed to leave early and required Ms. Pegues to wear a dark polo shirt. Defendant also made the decision to terminate Ms. Pegues as described below.
   e. On or around June 18, 2019, Defendant's operations manager told Ms. Pegues that she had noticed Ms. Pegues' stomach, referring to Ms. Pegues being pregnant. Defendant's operations manager stated that Ms. Pegues was a "liability" due to her pregnancy and told her that she could no longer be employed by Defendant. The operations manager stated that Defendant could not allow a pregnant woman to work for them.
   f. On or around June 18, 2019, Defendant terminated Ms. Pegues because of sex and pregnancy.

12.     The effect of the practices complained of in paragraph 11 above has been to deprive Ms. Pegues of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex, female, and pregnancy.

13.     The unlawful employment practices complained of in paragraph 11 above were intentional.

14.     The unlawful employment practices complained of in paragraph 11 above were done with malice or with reckless indifference to federally protected rights of Phychette Pegues.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, agents, servants, employees, attorneys and all persons in active concert or participation with it, from terminating employees because of pregnancy, or any other employment practice which discriminates on the basis of sex (pregnancy);

B.     Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, including pregnant women, and which eradicate the effects of its past and present unlawful employment practices, including but not limited to annual training of all supervisors and managers concerning federal employment discrimination law, focusing in particular on sex and pregnancy discrimination, and the development of effective policies to prevent sex and pregnancy employment discrimination;

C.     Order Defendant to make whole Phychette Pegues, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to reinstatement of Phychette Pegues or front pay in lieu thereof;

D. Order the Defendant to make whole Phychette Pegues by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 11 above, including relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial;

E. Order the Defendant to make whole Phychette Pegues by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraph 11 above, including but not limited to, emotional pain and suffering, stress, humiliation, depression, inconvenience, loss of self-confidence, and loss of enjoyment of life, in amounts to be determined at trial;

F. Order Defendant to pay Phychette Pegues punitive damages for engaging in discriminatory practices with malice or reckless indifference to Ms. Pegues' federally protected rights, as described in paragraph 11 above, in an amount to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

SHARON F. GUSTAFSON
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Suzanne M. Anderson
SUZANNE M. ANDERSON
Acting Regional Attorney

Texas State Bar No. 14009470


/s/ Eduardo Juarez
EDUARDO JUAREZ
Supervisory Trial Attorney
Texas State Bar No. 24014498
E-mail: eduardo.juarez@eeoc.gov

/s/ Esha Rajendran
ESHA RAJENDRAN
Trial Attorney
Texas State Bar No. 24105968
Federal ID No. 3337454
E-mail: esha.rajendran@eeoc.gov
Attorney-in-Charge

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 640-7574
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**