IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>　　　　　　Plaintiff,<br><br>v.<br><br>AWON PHIE LLC D/B/A<br>HOLIDAY INN EXPRESS & SUITES,<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 2:21-cv-00012<br>)<br>)<br>)<br>)<br>)<br>) |

**CONSENT DECREE**

The Parties to this Consent Decree are the Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC") and the Defendant, Awon Phie, LLC d/b/a Holiday Inn Express North Padre Island (named in the Complaint as Awon Phie LLC d/b/a Holiday Inn Express & Suites) ("Defendant"). This Consent Decree resolves the allegations raised by the EEOC in the above referenced Civil Action, No. 2:21-cv-00012. The EEOC initiated this lawsuit under Title VII of the Civil Rights Act of 1964, as amended, by the Pregnancy Discrimination Act of 1978 ("PDA"), and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices on the basis of sex (female, pregnancy) and to provide appropriate relief to Phychette Pegues, who claims she was adversely affected by such alleged practices. More specifically, the EEOC alleged that the Defendant discriminated against Ms. Pegues based on sex by terminating her because she was pregnant, in violation of Title VII as amended by the PDA, 42 U.S.C.S. §§ 2000e(k) and 2000e-2(a)(1). Defendant denied these allegations.

1

The Parties wish to settle this action, without the necessity of further litigation, pursuant to the terms delineated in this Consent Decree, with each party expressly acknowledging that this settlement is a compromise of disputed claims.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows, the court finds appropriate, and therefore, it is ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction over the subject matter of this action, the Parties for purposes of this action, entry of the Consent Decree, and all proceedings related to the Consent Decree and its enforcement. Venue is proper and all administrative prerequisites to the filing of the Complaint have been met.

2. This Consent Decree resolves all issues raised in EEOC's Complaint in this case. EEOC waives further litigation of all issues raised in the above referenced Complaint. EEOC, however, expressly reserves its right to process and litigate any other charges which may now be pending or may in the future be filed against Defendant.

3. All parties understand that this Consent Decree does not constitute an admission by Defendant of any violation of Title VII of the Civil Rights Act of 1964, as amended, by the Pregnancy Discrimination Act of 1978 ("PDA"), and Title I of the Civil Rights Act of 1991, or any other unlawful conduct.

4. During the term of this Consent Decree, Defendant, its officers, agents, servants, successors, assigns and all persons in active concert or participation with them as it pertains to operations of the Holiday Inn Express North Padre Island, are enjoined from engaging in any form of retaliation against any person because such person has resisted, objected to, complained about, or otherwise opposed sex discrimination as made unlawful by Title VII, filed a discrimination

Charge under Title VII, testified or participated in any manner in any investigation, proceeding, hearing or action under Title VII or asserted any rights under this Consent Decree.

5. During the term of this Consent Decree, Defendant, its officers, agents, servants, successors, assigns, and all persons acting in concert with them are enjoined from engaging in any employment practice that discriminates on the basis of pregnancy including, but not limited to:

(a) Any practice or policy that results in discriminatorily failing to accommodate employees who have pregnancy-related medical restrictions;
(b) Terminating employees because of pregnancy;
(c) Requiring employees to resign in lieu of termination because of their pregnancy; or
(d) Not providing the same opportunities and benefits to pregnant employees as provided to non-pregnant employees who are similar in their ability or inability to work.

6. Within fourteen (14) days of receipt of fully executed forms W-4 and W-9 by Phychette Pegues and the entry of this Consent Decree, Defendant, in full resolution of all disputes in this matter, shall pay the sum total of $30,000.00. This figure includes, and separate checks shall be issued for: (a) back pay, less applicable withholdings for which a W-2 shall be issued, in the amount of $5,000.00 to Phychette Pegues; and (b) damages recoverable under 42 U.S.C. §1981(a) of the Civil Rights Act of 1991, for which there shall be no withholdings and a form 1099-MISC (box 3) shall be issued, in the amount of $25,000.00 to Phychette Pegues.

Defendant shall deduct only the employee's portion of FICA and applicable federal tax withholdings from the monetary damages allocated as wages.

Payment to Phychette Pegues shall be mailed by certified mail to Phychette Pegues, 3759 Wickcliff Lane, Memphis, Tennessee 38118. A copy of the settlement checks and any accompanying transmittal documents shall be forwarded to the EEOC to the attention of Eduardo Juarez, Supervisory Trial Attorney, at 5410 Fredericksburg Rd., Suite 200, San Antonio, Texas 78229.

7. In the event Defendant receives an inquiry from any prospective employer concerning Phychette Pegues, Defendant shall refrain from providing negative references and limit employment reference inquiries to:

    (a) verifying whether Phychette Pegues performed services for Defendant;
    (b) verifying the time period of such services;
    (c) providing a statement identifying Phychette Pegues's job title and job duties and stating that she is eligible for hire; and
    (d) refrain from referencing any charge of discrimination or this case.

Phychette Pegues and the EEOC agree they will direct inquiries from prospective employers to contact only Sung Park, Manager, 15209 Windward Drive Corpus Christi TX 78418, telephone: (361) 949-1112 to obtain this reference.

Defendant's response to any prospective employer concerning Phychette Pegues shall remain permanent and is not limited to the duration of this Consent Decree.

8. Within sixty days after the entry of this Consent Decree, Defendant shall retain an Equal Employment Opportunity Consultant ("EEO Consultant") to assist Defendant with reviewing and revising its sex, including pregnancy, discrimination, harassment and retaliation policies. The Commission will accept Defendant's current legal counsel in this cause of action as such an EEO Consultant.

9. Within one hundred and fifty days after the entry of this Consent Decree, Defendant, with the assistance of its EEO Consultant, shall review and revise its policies and procedures to ensure compliance with federal equal employment opportunity laws and regulations. Such policy shall include provisions which:

    (a) Include a definition of unlawful discrimination under the Pregnancy Discrimination Act;
    (b) Prohibit any act, policy or practice that has the effect of discriminating against any employee and/or applicant for employment on the basis of sex, female, including pregnancy, childbirth, or any pregnancy-related condition, and/or any other sex based discriminatory practices, in violation of Title VII. Specifically, that regarding

4

    work accommodations such as light duty assignments, pregnant employees will not be treated differently from employees who are similar in their ability or inability to work;

(c) Include a statement that employees may contact the designated human resources employees to discuss and/or file complaints about Title VII discrimination;

(d) Provide for the prompt investigation of complaints of discrimination made on any protected basis prohibited by Title VII, and for prompt action, which is appropriate and effective, to remedy the discrimination;

(e) Provide for substantial and progressive discipline for violating Defendant's antidiscrimination policy up to and including discharge; and

(f) Provide that Defendant shall not take any reprisal action, in any manner whatsoever, against an employee for having opposed any employment practice made unlawful by Title VII, or for complaining of any type of unlawful discrimination, or for filing a discrimination charge, giving testimony or assistance, or participating in any lawful manner in any investigation, proceeding, hearing or action under Title VII.

10. Within one hundred eighty (180) days from the entry of this Consent Decree, Defendant shall distribute this policy to all of its current employees. Defendant agrees to certify in writing to the EEOC within ten (10) days of distributing this policy to its current employees that the requirements as set forth herein have been met. During the remaining term of this Consent Decree, Defendant shall continue to provide this policy to each employee hired to work at its facility.

11. Defendant shall certify in writing to the EEOC, within thirty (30) days of each annual anniversary of the effective date of this Consent Decree, that Defendant has provided a copy of this policy to all employees hired during the year of that annual anniversary.

12. Defendant shall maintain a complaint procedure that is designed to encourage employees to come forward with complaints regarding violations of its policy prohibiting sex (pregnancy) discrimination. Defendant's complaint procedure shall provide all the following:

(a) Simple, convenient, confidential, and reliable mechanisms for reporting incidents of sex (pregnancy) discrimination;

(b) Written findings of the results of any investigation of a discrimination complaint and the remedial actions proposed and/or taken, if any; and

 (c) An effective means of promptly communicating to the complaining party, in writing, the results of the investigation.

13. During the duration of this Consent Decree, Defendant shall provide annual training sessions to its employees, including management, supervisory, and executive employees, and human resources personnel on the requirements of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978.

 (a) The training shall include, but is not limited to: Training on an employer's obligations under the Pregnancy Discrimination Act including: (1) to prevent discrimination against a pregnant individual because of such individual's pregnancy in regard to job application procedures, hiring, advancement, or discharge of employees, employee compensation, job training, work accommodations, and other terms, conditions, and privileges of employment; and (2) specifically regarding work accommodations such as light duty assignments, that pregnant employees with pregnancy related medical restrictions will not be treated differently from employees who are similar in their ability or inability to work.

 (b) Each training shall be conducted by means of video recorded sessions and last at least three hours in duration. Prior to conducting any training, one of Defendant's management or executive employees will open the training session in person or by means of a video recording. The management or executive employee will participate as follows:
  (i) introduce the trainer;
  (ii) state that Defendant seeks to create a workplace free of discrimination, including pregnancy discrimination; and
  (iii) convey Defendant's policy of non-retaliation for individuals who oppose acts made unlawful by federal equal employment opportunity (EEO) laws and individuals who participate in protected activity under federal EEO laws.

 (c) An attorney who practices and is board certified in labor and employment law shall conduct this training. All employees will be paid their normal rate of pay for training. Defendant shall bear all costs associated with this training. Defendant shall provide to the EEOC written confirmation of its compliance with the training requirements described above within thirty (30) days of completion of this requirement each year. Defendant shall provide to the EEOC the name and contact information for the individual who provided the training, the date(s) of such training, a copy of the materials used for the training, and a copy of the registry of attendance which shall include the employee identification number and position or title of each person in attendance.

14. Defendant shall post and cause to remain posted the notice posters required by 29 C.F.R. § 1601.30 and 42 U.S.C. § 2000e-10. Within ten business days after the entry of this Consent Decree, Defendant shall post same-sized copies of the Notice attached as Appendix A to this Decree in a conspicuous place where employees' notices are posted. This Notice shall be posted throughout the term of this Consent Decree. Should the Notice become defaced, marred, or otherwise made unreadable, Defendant will post a readable copy of the Notice in the same manner as soon as practicable. Within thirty (30) days of the effective date of this Decree, Defendant shall certify in writing to the EEOC the requirements of this provision have been met. During the term of this Decree, Defendant shall continue its practice of notifying all newly hired employees of this Notice by providing them with a copy of the Notice upon hire, and Defendant shall certify in writing to the EEOC of its compliance with this provision within thirty (30) days after the annual anniversary of the effective date of this Decree.

15. During the term of this Consent Decree, Defendant shall maintain and make available for inspection and copying by the EEOC written records of every complaint or report by any employee of discrimination based on pregnancy. For each such complaint or report, such records shall include:

    (a) the name of the employee who made the complaint or report and that employee's address and telephone number;
    (b) the date of the complaint or report;
    (c) the name and position of each employee who was made aware of the complaint;
    (d) a written description of what was alleged in the complaint or report;
    (e) a written description of the resolution or outcome of the complaint or report, including a description of what actions, if any, Defendant took, and the name and position of all persons involved in any actions taken; and
    (f) if the complaint or report was made in written form, a copy thereof.

16. Defendant shall require personnel within its employ, upon request by the EEOC, to provide relevant documents to, cooperate reasonably with and to be interviewed by the EEOC for purposes of verifying compliance with this Consent Decree.

17. The terms of this Consent Decree shall be binding upon the EEOC and Defendant, its agents, officers, employees, servants, successors, and assigns.

18. The parties to this Consent Decree shall bear their own costs and attorneys' fees incurred in this action as of the date of entry of this Consent Decree by the Court.

19. The duration of this Consent Decree shall be two (2) years from the date of its entry with the Court. The Parties agree that the Court shall retain jurisdiction of this case during the term of this Consent Decree to enforce compliance and to take any action necessary and/or appropriate for its interpretation, execution, modification and/or adjudication of disputes.

20. If the EEOC believes that Defendant has not complied with any term or provision of this Consent Decree, it shall provide written notice of the alleged non-compliance prior to taking any action thereon (the "Notice of Alleged Non-Compliance"). The Notice of Alleged Non-Compliance shall include the Paragraph(s) of this Consent Decree alleged to be violated and a statement of the facts and circumstances relied upon as the basis of the EEOC's claim of noncompliance. Defendant shall have fifteen (15) days from receipt of the Notice of Alleged Non-Compliance to respond to the EEOC regarding the alleged violation, during which time the EEOC shall not undertake any enforcement action. The fifteen (15) day period may be extended by written agreement executed by the EEOC and Defendant. If the EEOC and Defendant are unable to resolve their dispute regarding the alleged violation, then the EEOC may seek enforcement of this Consent Decree with respect to the alleged violation in the United States District Court for the Southern District of Texas, Corpus Christi Division.  This Consent Decree will not expire while any

enforcement action concerning this Consent Decree is pending. The duration of this Consent Decree shall be extended by any time period required for the resolution of any enforcement action.

21. When this Consent Decree requires the submission by Defendant of documents or other materials to the EEOC, such documents or other materials shall be mailed and emailed to Eduardo Juarez, Supervisory Trial Attorney, United States Equal Employment Opportunity Commission, San Antonio Field Office, 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229, eduardo.juarez@eeoc.gov.

22. This Consent Decree shall become final and effective for all purposes upon approval and entry by the Court. The "effective date" shall be utilized for the calculation of all time periods and actions required pursuant to this Consent Decree.

**SO ORDERED AND ENTERED** this _____ day of _____, 2021.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

AGREED TO AS TO FORM AND SUBSTANCE:

| **ATTORNEYS FOR DEFENDANT** | **ATTORNEYS FOR PLAINTIFF** |
|---|---|
| | GWENDOLYN YOUNG REAMS<br>Acting General Counsel |
| */s/ Lawrence D. Smith*<br>LAWRENCE D. SMITH<br>Texas State Bar No. 18638800<br>Southern District No. 11957<br>E-mail: larry.smith@ogletree.com | */s/ Esha Rajendran*<br>*by permission of Robert A. Canino*<br>ROBERT A. CANINO<br>Regional Attorney<br>Oklahoma State Bar No. 011782 |
| **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**<br>112 East Pecan Street, Suite 2700<br>San Antonio, Texas 78205 \|<br>Telephone: (210) 277-3620<br>Facsimile: (210) 277-2702 | */s/ Esha Rajendran*<br>*by permission of Edward Juarez*<br>EDWARD JUAREZ<br>Supervisory Trial Attorney<br>Texas State Bar No. 24019498<br>E-mail: eduardo.juarez@eeoc.gov |
| | */s/ Esha Rajendran*<br>ESHA RAJENDRAN<br>Trial Attorney<br>Texas State Bar No. 24105968<br>Federal ID No. 3337454<br>E-mail: esha.rajendran@eeoc.gov<br>Attorney-in-Charge |
| | **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**<br>San Antonio Field Office<br>5410 Fredericksburg Road, Suite 200<br>San Antonio, Texas 78229-3555<br>Telephone: (210) 640-7574<br>Facsimile: (210) 281-7669 |

## EXHIBIT A

## NOTICE TO ALL EMPLOYEES

**POLICY:** Awon Phie LLC d/b/a Holiday Inn Express North Padre Island ("Holiday Inn") prohibits discrimination against any employee and/or applicant on the basis of sex, female, including, but not limited to, pregnancy, childbirth, or any pregnancy-related condition in violation of Title VII. It is the policy of Holiday Inn that discrimination is unacceptable conduct and will not be condoned.

**PURPOSE:** It is the purpose of this policy to reaffirm and amplify the position of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, and the Equal Employment Opportunity Commission's guidelines on discrimination based on sex, and to reiterate the Holiday Inn's policy on sex-based discrimination, including pregnancy discrimination as defined by Title VII.

**SCOPE:** This policy extends to all employees of Holiday Inn, including management, non-management, temporary and/or probationary.

**DEFINITION:** Pregnancy discrimination within the context of employment constitutes unlawful discrimination based on sex, as defined under Title VII. Pregnancy discrimination occurs when the treatment of a female applicant or employee is affected because of her "pregnancy, childbirth, or a medical condition related to pregnancy or childbirth." Some examples of pregnancy discrimination include:

- Refusing to hire a pregnant applicant;
- Firing or demoting a pregnant employee;
- Denying the same or a similar job to a pregnant employee when she returns from a pregnancy-related leave;
- Treating a pregnant employee differently than other temporarily disabled employees;
- Failing to provide work accommodations for pregnancy related medical restrictions while providing such accommodation to non-pregnant employees similar in their ability or inability to work; and
- Forcing a pregnant employee to quit her job.

This list is in no means exhaustive. There are other forms of pregnancy discrimination.

**RESPONSIBILITY:** Each level of management is responsible for ensuring that all personnel policies, procedures, and activities are in full compliance with applicable federal, state, and local equal employment laws, statutes, rules, and regulations regarding sex based (pregnancy) discrimination. All employees are expected to read, understand, and follow Holiday Inn's policy against sex (pregnancy) based discrimination.

**REPORTING PROCEDURES:** Any employee who believes that he or she has been subjected to discrimination is expected to report the alleged act as soon as possible to that person's immediate supervisor or any supervisor or manager with Holiday Inn. Supervisors and managers who are informed of an alleged incident of discrimination must immediately notify the Human Resource Department. In addition to reporting a complaint of discrimination and/or retaliation to company officials, a person may also contact the U.S. Equal Employment Opportunity Commission and file a charge of employment discrimination. The address and telephone number of the EEOC office is 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229, (210) 640-7580 or (800) 669-4000. Information about your rights and how to file a charge is available on the Internet at www.eeoc.gov.

**INVESTIGATION OF COMPLAINTS:** A complete investigation of each complaint will be undertaken immediately by Holiday Inn, and/or the Human Resources Department. The investigation may include interviewing employees and supervisors at the facility, and the inspection of documents, including personnel records, and a full inspection of the premises.

**PUNISHMENT FOR VIOLATION:** Employees who engage in discrimination can expect serious disciplinary action. After an appropriate investigation, any employee, whether management or non-management, who has been found to have engaged in discrimination against another employee will be subject to appropriate sanctions, depending on the circumstances, from a written warning placed in his/her personnel file up to and including termination of employment.

**RETALIATION:** There shall be no retaliation against any employee because that person has opposed what they believe to be unlawful employment practices, or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964. Holiday Inn will not punish you for reporting sex-based (pregnancy) discrimination simply because you have made a complaint under the above guidelines.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE REMOVED OR DEFACED BY ANYONE. THIS NOTICE WILL BE POSTED FOR A PERIOD OF TWO (2) YEARS.**

Signed this _____ day of _____, _____

_____
AWON PHIE LLC D/B/A HOLIDAY INN
EXPRESS & SUITES